State of Wisconsin, Plaintiff-Respondent,
v.
Fernando R. Matos, Defendant-Appellant.
No. 01-1710-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 3, 2004.
Before Anderson, P.J., Brown and Snyder, JJ.
¶ 1. PER CURIAM.
For his role as the driver in a 1999 gang-related drive-by shooting, Fernando R. Matos was convicted of first-degree intentional homicide, four counts of attempted first-degree intentional homicide, intentionally discharging a firearm from a vehicle into a building, and four counts of intentionally discharging a firearm towards a person, all with gang, weapon and school zone enhancers. We previously affirmed Matos' conviction. State v. Matos, No. 01-1710-CR (Wis. Ct. App. Aug. 28, 2002). Matos sought review in the supreme court. The supreme court granted review, vacated our August 2002 decision and remanded to us to consider the appeal in light of State v. Tucker, 2003 WI 12, 259 Wis. 2d 484, 657 N.W.2d 374, which sets out standards for restricting information about the jurors. We permitted the parties to file supplemental briefs addressing the significance of Tucker to this case. We conclude that the circuit court's findings satisfy Tucker, and the court did not err in restricting information about the jurors. As to the other issues we addressed in our August 2002 decision, we reiterate our holdings and affirm the judgment and order.
¶ 2. In a pretrial motion, the State moved the circuit court to restrict juror information[1] pursuant to State v. Britt, 203 Wis. 2d 25, 553 N.W.2d 528 (Ct. App. 1996). The State asked that the jurors be referred to by number, rather than by name, and that the court prevent the disclosure of any other identifying information, including addresses and places of employment. The State also sought to seal the jurors' questionnaires at the conclusion of voir dire. As grounds, the State argued that such steps would protect the jurors so that they could perform their function without distraction, interference or concern. The State cited the circumstances of the case, a gang-related shooting, and subsequent shootings between the involved gangs, argued that such circumstances could cause the jurors to fear for their own safety if identifying information were made public. The State also cited a threatening letter sent by a co-actor, Benjamin Mora, in which Mora suggested that a witness in the case should suffer retaliation for his cooperation in the case.
¶ 3. At the start of trial, the court addressed the State's request to restrict juror information. Matos objected on the grounds that he had not threatened anyone, there was no evidence that the jurors were in danger, and referring to the jurors by number would be impersonal, feed the jurors' paranoia and cause distraction.
¶ 4. The circuit court considered Britt, particularly noting that juror information may be restricted when the jurors need such protection independent of how that need arose and who caused the situation. The court noted that this was a gang-related case, extra security measures had already been taken in the case due to gang involvement, a co-defendant suggested retaliating against a witness, the likely presence of gang members in the courtroom observing the trial, and the seriousness of the charge against Matos. All of this could potentially intimidate the jurors. To protect and give a level of comfort to the jurors, the court determined that the jurors would be referred to by number and identifying information would not be disclosed to the public (although the State and defense would know the jurors' identities). The court also sealed the questionnaires of those jurors selected to serve in Matos' trial.
¶ 5. We turn to whether these findings satisfy Tucker. In Tucker, the supreme court set out the criteria for restricting information about jurors. Before a circuit court may restrict juror information, the court "should determine that the jurors are in need of protection and take reasonable precautions to avoid prejudice to the defendant." Tucker, 259 Wis. 2d 484, ¶ 17. The court must make an individualized determination based on the circumstances of the case. See id., ¶¶ 20-21. Factors to be considered by the circuit court include but are not limited to:
(1) the defendant's involvement in organized crime; (2) the defendant's participation in a group with the capacity to harm jurors; (3) the defendant's past attempts to interfere with the judicial process; and (4) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment.
Id., ¶ 22 (citations omitted).
¶ 6. Whether to restrict juror information is within the circuit court's discretion. Id., ¶ 20. We will affirm the circuit court's exercise of discretion if it applied the correct legal standard to the facts. Id.
¶ 7. Matos argues that the circuit court did not properly exercise its discretion in restricting juror information and that the court did not base its decision on the factors enumerated in Tucker. We disagree. Although the circuit court did not have the benefit of the decision in Tucker when it restricted juror information in this case, we conclude that the court nevertheless fulfilled the requirements of Tucker in reaching this decision.
¶ 8. In its findings, the court stated that the case involved gang violence, threats had been made, extra security measures were already in place in recognition of gang involvement, Matos allegedly participated in a group with the capacity to harm jurors (as evidenced by the charges in the case which arose from a drive-by shooting committed by one gang against another), and gang members would likely be present in the courtroom during the trial.[2] A court may consider the fact that the trial implicates gang activity. See State v. Murillo, 2001 WI App 11, ¶ 30, 240 Wis. 2d 666, 623 N.W.2d 187. Here, the court made an individualized determination of the need to restrict juror information.
¶ 9. Even though there was no evidence that Matos had personally attempted to intimidate witnesses or jurors, the circuit court did not err in considering that in the context of determining criminal responsibility for the drive-by shooting, threats had been made. "[T]he critical inquiry is whether the jury needs the protection of anonymity, not who created the need. Attempts by a defendant's associates (or others) to intimidate witnesses by threats or assaults are relevant when determining whether there is a strong reason to believe the jury needs protection." Britt, 203 Wis. 2d at 35.
¶ 10. In addition to exercising discretion on the question of whether to restrict juror information, a circuit court must also take precautions to minimize the prejudicial effect of such restrictions. Tucker, 259 Wis. 2d 484, ¶¶ 23-25. When juror information is restricted, the practice "triggers due process scrutiny because this practice is likely to taint the jurors' opinion[s] of the defendant, thereby burdening the presumption of innocence." Id., ¶ 18 (citation omitted). The court must take reasonable steps to minimize any prejudicial effect, including "making a precautionary statement to the jury so that the restriction does not negatively reflect on the defendant's guilt or character." Id., ¶ 27.
¶ 11. As the prospective jurors settled in for voir dire, the court informed them in a matter-of-fact manner that it was the court's practice to refer to jurors by number. The court did not give any other reason or make any other reference to the practice of identifying jurors by number. However, because the court did not caution the jurors that this practice was of no consequence to Matos' guilt or innocence, the court erred under Tucker.[3] But, as we hold below, this error was harmless. See id., ¶ 26.
¶ 12. "An error is harmless if it is `clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" Id., ¶ 26 (citations omitted). Matos argues that because the evidence was not sufficient for the convictions, the error was not harmless. However, Matos did not challenge the sufficiency of the evidence in his original appeal to this court. We also note that Matos admitted that he was the driver in the shooting. That the jury could have found different facts or drawn different inferences from the evidence does not mean that the court's failure to give the jury the precautionary instruction rendered the verdict suspect.
¶ 13. We acknowledge that our August 2002 decision was vacated in its entirety. Nevertheless, because this matter was remanded to us solely to address the applicability of Tucker to this case, we are satisfied that we do not need to re-state the other issues we decided in August 2002. Instead, we rely upon the August 2002 opinion's discussion of all the other issues as if fully set forth herein, and we affirm.
By the Court.  Judgment and order affirmed.
NOTES
[1] We refer to the restriction of juror information rather than an anonymous jury because State v. Tucker, 2003 WI 12, ¶ 11, 259 Wis. 2d 484, 657 N.W.2d 374, draws this distinction.
[2] We note that the issue of gang involvement was front and center at trial because Matos' charges were all enhanced by the gang enhancer. Wis. Stat. § 939.625(1)(a) (1999-2000). The State had to prove that the charged crimes were "committed for the benefit of, at the direction of or in association with any criminal gang, with the specific intent to promote, further or assist in any criminal conduct by criminal gang members ...." Id. We agree with the State that Matos' alleged gang involvement was tantamount to the organized crime factor identified in Tucker. State v. Tucker, 2003 WI 12, ¶ 22, 259 Wis. 2d 484, 657 N.W.2d 374; see also Wis. Stat. § 939.22(9) (1999-2000) ("criminal gang" defined as a group of three or more persons who commit criminal acts in a pattern of criminal gang activity while having a common gang name, sign or symbol).
[3] We note that the Jury Instructions Committee has released Wis JI-Criminal 146 in response to Tucker. The instruction states: "I have decided that for the convenience of court and counsel, we will refer to jurors by numbers. This should not influence your verdict in any manner." The work of the jury instructions committee has been recognized as persuasive. State v. Olson, 175 Wis. 2d 628, 642 n.10, 498 N.W.2d 661 (1993).